UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GORDON M.E.,

                Plaintiff,

v.

KILOLO KIJAKAZI,[1]
Acting Commissioner of Social Security,

                Defendant.

**DECISION AND ORDER**
15-CV-236-A

---

## I.    INTRODUCTION

Represented by counsel, Gordon M.E. ("Plaintiff") commenced this action pursuant to Title XVI of the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant"), who denied his application for supplemental security income ("SSI") and Disability Insurance Benefits (DIB). On February 23, 2017, this Court issued a decision reversing the Commissioner, Dkt. #17, and a judgment remanding the case to the Commissioner for further administrative proceedings. Dkt. #18.

Now before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act. Dkt. #19. Counsel is requesting a fee of $8,174.83 which represents payment for 41.8 hours of attorney time at an hourly rate of

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. He is substituted pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to comply with this substitution.

$195.57. The Commissioner has filed a response to Plaintiff's motion, claiming that Plaintiff is not entitled to attorney's fees as the Commissioner's position was "substantially justified" and that even if the Commissioner's position was not substantially justified, the request for compensation of 41.8 hours is excessive and unreasonable in this case. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

## II.     DISCUSSION

The Equal Access to Justice Act ("EAJA")states in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). As Magistrate Judge McCarthy noted in his Report and Recommendation (R&R), *see*, Dkt. #16, which was adopted by this Court, *see*, Dkt. #17, Plaintiff, as part of its administrative appeal of the ALJ's decision that he was not disabled, presented to the Appeals Council new evidence in the form of the December 2014 treatment note from Dr. Fishkin which opined—contrary to the RFC assessment made by the ALJ—that Plaintiff was: unable to life more than 5 to 10 pounds; that Plaintiff had suffered a "permanent loss of use of the lumbar spine; and that "a functional capacity evaluation would be beneficial in providing a more detailed assessment of Plaintiff's limitations," which Dr. Fishkin appeared to believe

2

rendered plaintiff disabled or limited to sedentary work." Dkt. #16, pp. 9, 19. Notwithstanding such evidence, the Appeals Council determined that it provided no basis for changing the ALJ's decision. *Id*.  Both Magistrate Judge McCarthy and this Court determined that Appeals Council erred in failing "to provide 'good reasons' for not giving Dr. Fishkin's December 2014 opinion controlling weight." *Id*., at 19.  Thus, the matter was remanded so that the Defendant could properly weigh the opinion and provide "good reasons" if it determined that it was not to be worthy of controlling weight. *Id*.

Because "the record does not demonstrate that the Appeals Council properly evaluated the opinion" nor "provide[] an explanation for rejecting or discounting material aspects of it", remand was appropriate. *Rosas-Nazario v. Colvin*, No. 14-CV-6085P, 2015 WL 5104548, at *4 (W.D.N.Y. Aug. 27, 2015); *see also, Newbury v. Astrue*, 321 F. App'x 16, 17-18 (2d Cir. 2009) (remanding for further consideration "because the ALJ and the Appeals Council failed to give any reasons for not crediting two assessments of [claimant's] condition by her treating psychiatrist"); *Davidson v. Colvin*, No. 1:12-CV-316 MAD/VEB, 2013 WL 5278670, at *9 (N.D.N.Y. Sept. 18, 2013) (remand warranted where "the Appeals Council not only failed to provide 'good reasons' for disregarding the treating physician[ ]'s opinion, it did not provide any reasons at all[,] ... [and] there is a reasonable possibility that [the ALJ] would have reached a different result if the original administrative record had included [the doctor's] assessment").

3

Here, in securing a remand, Plaintiff clearly has established his "prevailing party" status for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993); *see also Caplash v. Nielsen*, 294 F. Supp. 3d 123, 129 (W.D.N.Y. 2018)(collecting cases). While Defendant claims that its position in this case was "substantially justified," this Court disagrees and finds that the Appeals Council's failure to provide any reasoning for its decision to reject the treating physician's opinion prevented this Court from discerning the Appeal's Council's reasoning— including its rationale in adopting the ALJ's RFC finding.  By failing to provide its reasoning for rejecting the opinion, Defendant prevented this Court from conducting a meaningful review of Plaintiff's claim.  *See Padula v. Colvin*, 602 F. App'x 25, 26 (2d Cir. 2015) (Commissioner's position was not substantially justified where the ALJ did not comply with his obligation to consider all the relevant medical and other evidence when he made credibility determination); *Olczak v. Saul*, No. 18-CV-173-MPJ, 2020 WL 1610569, at *2 (W.D.N.Y. Apr. 2, 2020) (Commissioner's position was not substantially justified when the ALJ's analysis of a medical opinion was insufficient because it provided no explanation or analysis that would allow meaningful review).

Having determined that Plaintiff was a "prevailing party" and that the Defendant's position was not "substantially justified," this Court must next determine whether the Plaintiff's attorney has met his burden of establishing that the hours expended and the rates charged were reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  EAJA fees are determined by examining the amount of time

4

expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A). "When determining how many hours in a particular case are reasonable, courts weigh factors such as the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Lofton v. Saul*, No. 19-CV-00454 (KAD), 2020 WL 858649, at *1 (D. Conn. Feb. 21, 2020).

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between twenty and forty hours of attorney time to prosecute." *Id*. (internal brackets omitted). "Determining counsel's hourly rate under the EAJA involves applying a cost-of-living adjustment, as measured by the Consumer Price Index ("CPI"), to the statutory ceiling of $125.00 per hour set by the EAJA on March 29, 1996." *Montes v. Comm'r of Soc. Sec.*, No. 17-CV-322, 2019 WL 2264967, at *3 (W.D.N.Y. May 28, 2019) (internal quotation marks and brackets omitted). "The hourly rate should only be increased by the corresponding CPI for each year in which the legal work was performed." *Id*. (internal brackets omitted).

Here, Plaintiff's attorney, Timothy Hiller, Esq., submitted a declaration in support of this motion which indicates that he spent 41.8 hours working on Plaintiff's case. *See*, Dkt.# 19-2.  Plaintiff's attorney seeks compensation at the rate of $195.57 per hour, which he asserts is the appropriate hourly rate under EAJA after adjustment for inflation using the appropriate Consumer Price Index (CPI). *See*

*Ventura v. Barnhart*, 2007 WL 1051846, *3 (D. Conn. Mar. 2, 2007)("Courts in the Second Circuit have repeatedly approved fee applications under EAJA based upon an hourly rates adjusted to reflect increases in the Consumer Price Index.")(citing cases).

While Defendant does not object to the hourly rate sought by Plaintiff's counsel, Defendant does object to the amount of time for which Plaintiff's counsel seeks to be compensated and maintains that Plaintiff's counsel is only entitled to 30 hours compensation. Dkt. #21, p.7. The Court has broad discretion to determine the amount of time reasonably expended, but the court is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. *Aston v. Sec'y. of Health and Human Serv.*, 808 F.2d 9, 11 (2d Cir. 1986). Applying the relevant legal principles, the Court finds that the 41.2 hours sought by Plaintiff's counsel is reasonable. In his affidavit, Plaintiff's counsel adequately accounts for the 39.7 hours he spent working on this case in 2015 and the 2.1 hours he spent working on it in 2017.

Although not objected to by the Defendant, however, the Court does take issue with Plaintiff's calculation of his hourly CPI-adjusted compensation rate. Although Plaintiff's counsel only performed 2.1 hours of work on the case in 2017 and performed a bulk (39.7 hours) of his work on the case in 2015, he used the higher CPI for 2017 to calculate his CPI-adjusted compensation rate for all of the hours he worked. That was error. Rather, the CPI-adjusted compensation rate for work done in 2015 should have been calculated using the average CPI for 2015,

6

and the CPI-adjusted compensation rate for work done in 2017 should have been calculated using the average CPI for 2017. *Caplash v. Nielsen*, 294 F. Supp. 3d 123, 136 (W.D.N.Y. 2018)("The court must apply a different cost of living adjustment for each year in which hours were billed, rather than applying a single adjustment to the total hours billed." (quotation omitted)).

Here, the Court determines that the average CPI for 2015—during which Plaintiff's counsel worked 39.7 hours on this case—was 217.26. The average CPI for the first three months of 2017—during which Plaintiff's counsel worked 2.1 hours on this case—was 243.41. *See*, https://www.bls.gov/regions/mid-atlantic/data/consumerpriceindexhistorical_us_table.htm (last accessed 11/20/2024). Using these figures, the Court determines that the CPI-adjusted hourly rate for 2015 was $174.45, while the CPI-adjusted rate for the first three months of 2017 was $195.41. Thus, Plaintiff's counsel is entitled to attorney's fees totaling $7,336.03.[2] Accordingly, Plaintiff is awarded $7,336.03 in attorney's fees under EAJA.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees (Dkt. #19) is **GRANTED** in part and **DENIED** in part. The Commissioner is directed to remit to Plaintiff's counsel $7,336.03.

---

[2] In 2015, Plaintiff's counsel worked on the file for 39.7 hours (39.7 x $174.45 = $6,925.67). In 2017, Plaintiff's counsel worked on the file for 2.1 hours (2.1 x $195.41 = $410.36). $6,925.67 + $410.36 = $7,336.03.

7

**IT IS SO ORDERED**.

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  November 21, 2024
        Buffalo, New York